IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ALYSON BENJAMIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 2:14-cv-575-WKW-PWG |
| ) | |
| **BANK OF AMERICA, N.A.,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

### REPORT & RECOMMENDATION

On October 16, 2014, the district court stayed this case upon the withdrawal of Plaintiff's counsel. (Doc. 16). Plaintiff was given until November 13, 2014, to find new counsel or to state in writing her intention to proceed *pro se*. (*Id.*) Plaintiff was warned that a failure to comply with the order may result in a dismissal of her case. (*Id.*) Nevertheless, no counsel has entered an appearance on Plaintiff's behalf and Plaintiff has filed nothing stating her intention to proceed on her own behalf.

On December 5, 2014, the undersigned ordered Plaintiff to show cause why her action should not be dismissed for failure to prosecute. (Doc. 18). Plaintiff was given until December 19, 2014 to respond to the order (*id.)*, but again failed to do so. Additionally, the certified copy of the order to show cause sent to Plaintiff's address was returned as undeliverable. (See Docket Entry dated Dec. 29, 2014). Plaintiff has

a duty to keep the court apprised of her address and other contact information, but has not done so.

## LEGAL STANDARD

"If a plaintiff fails to comply with a court order, [the Eleventh] Circuit has held that a district court may *sua sponte* dismiss the case with or without prejudice under Rule 41(b) or its inherent powers where there is both a clear record of willful conduct and a finding that lesser sanctions are inadequate. *Levinson v. WEDU TV*, 505 F. App'x 919, 920 (11th Cir. 2013). This is so because the "court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. & Landscaping Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).

"A district court may dismiss a case for failure to prosecute only 'as a last resort, when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" *Wieszalski v. Colvin*, No. 3:12-cv-733-MEF, 2014 WL 1153737 at *1 (M.D. Ala. Mar. 20, 2014) (quoting *World Thrust Films, Inc. v. Int'l Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995). Additionally, "[d]ismissal for disregard of a court order is generally not an abuse of discretion."

*Thomas v. Bank of Am., N.A.*, 557 F. App'x 873, 876 (11th Cir. 2014) (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).

## DISCUSSION

Plaintiff seems to have abandoned her claims. She has apparently not procured new counsel and she has failed to comply with two court orders as well as failing to keep the court apprised of her address or other means to contact her. In short, the court has had no contact with Plaintiff or any indication that she intended to proceed with the case since October of 2014 when her previous counsel moved to withdraw.

In Plaintiff's case, lesser sanctions will not suffice. To allow the case to proceed would only result in further delays and would unfairly prejudice Defendants by requiring them to incur additional litigation costs associated with preparing for a trial that is fast approaching but unlikely to take place.

## CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the undersigned that this case be **DISMISSED** without prejudice for Plaintiff's failure to prosecute this action and comply with the orders of this court.

It is further **ORDERED** that the parties shall file any objections to the said Recommendation on or before **April 21, 2015.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party

objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).

**DONE** and **ORDERED** this 7th day of April, 2015

/s/ Paul W. Greene
United States Magistrate Judge